UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLEMENTE PEREZ LUNA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Nos. C 07-2736 PJH/ 07-2887 PJH
CR 90-0392 PJH

**ORDER DISMISSING PETITIONER'S SECOND AND SUCCESSIVE PETITIONS FOR RELIEF UNDER 28 U.S.C. § 2255**

Petitioner Clemente Perez Luna, a federal prisoner, proceeding pro se, recently filed two motions, one on May 9, 2007, entitled a "motion to recall mandate," and the other on May 21, 2007, entitled a "motion to amend federal rule civil procedure 15(a)(b) "relation back," or via writ of habeas corpus section 2255. . . ." Because neither motion constituted Luna's first § 2255 motion requiring the court to first inform Luna of any re-characterization of the motions, the court appropriately re-characterized the two motions as motions to vacate Luna's sentence under 28 U.S.C. § 2255, and corresponding civil cases were opened by the Clerk.

**BACKGROUND**

Luna is currently incarcerated at a federal penitentiary in Lompoc, California. On January 10, 1991, Luna was convicted by a jury of two counts involving a drug conspiracy, including conspiracy with intent to distribute more than five kilograms of cocaine pursuant to 21 U.S.C. § 846 in violation of 21 U.S.C. § 841(a)(1) and of the underlying substantive possession charge, which included knowingly and intentionally possessing with intent to distribute four kilograms of cocaine under § 841(a)(1). On March 16, 1992, United States

1  District Judge Eugene Lynch sentenced Luna to life without parole on both counts, to run
2  concurrently. This was an enhanced sentence under § 841 based on two prior felony
3  convictions.

4  Subsequently, on July 31, 2001, Luna filed a motion to vacate his sentence under
5  § 2255, which this court denied on April 16, 2002.

## DISCUSSION

7  Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief
8  if it concludes that "the sentence was imposed in violation of the Constitution or laws of the
9  United States, or that the court was without jurisdiction to impose such sentence, or that
10 the sentence was in excess of the maximum authorized by law, or is otherwise subject to
11 collateral attack."

12 Before a second or successive § 2255 motion is filed, it must be certified by a panel
13 of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven
14 and viewed in light of the evidence as a whole, would be sufficient to establish by clear and
15 convincing evidence that no reasonable factfinder would have found the movant guilty of
16 the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral
17 review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255.
18 A district court has no jurisdiction to reach the merits of any successive claim unless
19 petitioner receives certification from the court of appeals. *See United States v. Allen*, 157
20 F.3d 661, 644 (9th Cir. 1998).

21 Because there is no evidence that Luna has obtained the requisite certification from
22 the Ninth Circuit Court of Appeals prior to the filing of the instant § 2255 petitions, they are
23 DISMISSED. The clerk shall close the civil cases.
24 **IT IS SO ORDERED.**

26 Dated: June 25, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

- 2 -